United States District Court
Southern District of Texas
**ENTERED**
September 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KIMBERLY PIERCE,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:21-CV-00346** |
| § | |
| **HOUSTON COMMUNITY COLLEGE** § | |
| **SYSTEM,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Three motions are pending before the Court: Defendant Houston Community College System's (HCC's) motion for summary judgment, ECF No. 58, HCC's objections to Plaintiff Kimberly Pierce's summary judgment evidence, ECF No. 62, and Pierce's motion to strike, ECF No. 64. These motions had been referred to Magistrate Judge Dena Hanovice Palermo for a report and recommendation (R&R). On July 9, 2022, Judge Palermo issued the R&R recommending that HCC's motion for summary judgment be granted and that both HCC's objections to Pierce's summary judgment evidence and Pierce's motion to strike be denied as moot. For the reasons that follow, the Court adopts the Report and Recommendation. Accordingly, HCC's motion for summary judgment, ECF No. 58, is **GRANTED**. HCC's objections to Pierce's summary judgment evidence, ECF No. 62, and Pierce's motion to strike, ECF No. 64, are both **DENIED** as **MOOT**.

### I. BACKGROUND

Kimberly Pierce was enrolled at a student at HCC during the Fall 2017 and Fall 2018 semesters. *See* ECF No. 68 at 2. In the fall of 2018, Pierce's assigned career and academic

1

advisor was Sean O'Neil. *Id.* Pierce and O'Neil exchanged text messages between December 7 and December 10, 2018, and O'Neil sent Pierce several messages containing sexually explicit photos and requests. *Id.* at 3; *see* ECF No. 60-8. Although Pierce asked O'Neil to stop contacting her on December 10, O'Neil continued to text Pierce until December 17, when Pierce again asked him to stop. ECF No. 68 at 3.

On December 18, Pierce went to the Dean of Student's office to discuss O'Neil's misconduct. *Id.* The receptionist told Pierce that she needed an appointment. *Id.* Pierce left and did not speak with the Dean or tell anyone about O'Neil's harassment. *Id.* She withdrew from HCC on February 13, 2019. *Id.*

On April 8, 2019, Pierce submitted a complaint through HCC's online Title IX complaint system. *Id.* Because Pierce wrote her phone number in the box meant for her email address, the complaint was misrouted to HCC's communications department rather than to HCC's Office of Institutional Equity. *Id.* at 3-4. Pierce never received any response to the complaint. *Id.*

On July 12, 2019, through counsel, Pierce sent a letter to HCC about its failure to respond to her Title IX complaint. *Id.* On July 25, 2019, HCC began investigating the complaint, and on October 31, 2019, HCC terminated O'Neil's employment. *Id.*

Pierce also alleges that in October or November 2019, after she reported O'Neil's text messages, O'Neill followed her to a movie theater and leered at her. *Id.* She reported this incident to HCC in a letter dated November 27, 2019. *Id.*

Pierce sued HCC, alleging that HCC violated Title IX and was negligent. *Id.* at 4-5. The Court dismissed the negligence claim. ECF No. 9. HCC then moved for summary judgment on Pierce's Title IX claim, ECF No. 58, HCC responded, ECF No. 60, and Pierce replied, ECF No. 61.

Judge Palermo recommended granting HCC's motion for summary judgment. ECF No. 68. First, the R&R found that Pierce failed to plead an official-policy theory of liability in her complaint and raised this theory of lability for the first time in her response to HCC's motion for summary judgment. *Id.* at 9-10. Thus, Judge Palermo "disregard[ed]" this theory of liability because it was not sufficiently pleaded to put HCC on notice. *Id.* at 11.

Judge Palermo then turned to Pierce's deliberate-indifference Title IX claim. Although the R&R found that the claim was not barred by the statute of limitations, *id.* at 11-14, it nonetheless found that HCC as not deliberately indifferent to Pierce's report of sexual harassment, *id.* at 15-21. Specifically, the R&R found that no appropriate person had knowledge of the abuse or any risk of abuse until July 15, 2019, at which point HCC promptly investigated and terminated O'Neil's employment. *Id.*

Pierce objects to the R&R on two grounds. ECF No. 69. First, Pierce argues that the R&R was wrong to reject her official policy-theory of liability because she properly raised this theory in the complaint. *Id.* at 1-7. Second, Pierce contends that the R&R improperly recommended granting summary judgment on the deliberate-indifference theory of liability because whether HCC had actual knowledge of Pierce's claim is a question of fact. *Id.* at 7-10.

II.   ANALYSIS

   A. Official-Policy Theory of Liability

Pierce argues that the R&R was wrong to find that she failed to plead an official-policy theory of liability in her complaint. In her complaint, Pierce made two allegations that related to her official-policy theory of liability. First, she alleged:

> On or around April 8, 2019, Plaintiff made a formal Title IX complaint online with HCC's Office of Institutional Equity and received a confirmation email that her complaint was sent. However, HCC "lost" Plaintiff's Title IX complaint and

3

>no action was taken until Plaintiff obtained the undersigned attorney, who contacted HCC on or about July 12, 2019.

ECF No. 1 ¶ 12. Second, Pierce alleged that HCC "created and/or subjected Plaintiff to a hostile educational environment" because "Plaintiff was subjected to policies, procedures, and customs, including HCC's failed Title IX reporting system, that were implemented in a discriminatory manner." *Id.* ¶ 21.

This Court finds that Pierce's complaint put HCC on notice that Pierce was pursuing an official-policy theory of liability. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

This Court agrees with the R&R that, standing alone, the pleadings in paragraph 21 of the complaint would be insufficient to plead an official policy theory of liability. This paragraph simply offers bare legal conclusions. *See* ECF No. 68 at 9-10.

However, the allegations contained in paragraph 12 of the complaint lend factual support to the legal allegations in paragraph 21. In paragraph 12, Pierce alleged that HCC lost her complaint, which she submitted through HCC's online system. The allegation is not merely conclusory and provides "enough factual matter (taken as true)" to support an official policy theory of liability. *Twombly*, 550 U.S. at 556. Pierce did not offer detailed allegations about *how* the electronic Title IX reporting system failed. But how could she? Before discovery, the information about how the electronic system worked was exclusively in the hands of HCC. *See Flagg v. Stryker Corp.*, 647 F. App'x 314, 317-18 (5th Cir. 2016) (plaintiffs need not plead

4

"extremely detailed factual allegations" when defendants have possession of the relevant information (citation omitted)).

Having found that Pierce adequately pleaded an official-policy theory of liability, the next question is whether HCC is entitled to summary judgment on this claim. Pierce alleged that her complaint was misdirected. But "failure to promulgate and publicize an effective policy and grievance procedure for sexual harassment claims" cannot alone give rise to Title IX liability. *Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 291-92 (1998). It may be the case that HCC's policy was ineffective: if, as Pierce did, individuals type the wrong information into certain boxes, then their complaints may get misrouted. But Pierce has failed to show anything more than an ineffective policy for reporting sexual harassment claims. HCC is therefore entitled to summary judgment on this claim.

### B. Deliberate Indifference Theory of Liability

Next, Pierce argues that the R&R improperly rejected her deliberate-indifference theory of liability. First, Pierce argues that the R&R was wrong to find that no "appropriate person" had notice of her complaint. Second, she argues that the three-month delay between when she submitted her online complaint and the time that HCC investigated it constituted deliberate indifference. Both arguments are unavailing.

As the R&R correctly found, a school is subject to Title IX liability only if an "appropriate person" has knowledge of discrimination and fails to respond. *See* ECF No. 68 at 15. In *Gebser*, the Supreme Court explained that an "appropriate person" under Title IX is "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient [school]'s behalf," and that liability is triggered if such person "has actual knowledge of discrimination . . . and fails to adequately respond." 524 U.S. at

290. In the Fifth Circuit, a plaintiff "must show that an employee who has been invested by the school board with supervisory power over the offending employee actually knew of the abuse, had the power to end the abuse, and failed to do so." *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 650 (5th Cir. 1997).[1] And, "to qualify as a supervisory employee whose knowledge of abusive conduct counts as the district's knowledge, a school official must at least serve in a position with the authority to 'repudiate that conduct *and* eliminate the hostile environment' on behalf of the school district." *Id.* at 661 (quoting *Nash v. Electrospace Sys., Inc.*, 9 F.3d 401, 404 (5th Cir. 1993)).

Pierce contends that two "appropriate persons" knew of the harassment: (1) Rogers, the receptionist in the Dean's Office with whom Pierce spoke; and (2) David Cross, who helped to adopt the online Title IX complaint and reporting system. But she offers no evidence suggesting that either of them had actual knowledge of the abuse. And, even if they did know of the abuse, no evidence supports the claim that either Rogers or Cross were "appropriate persons" under Title IX. As a result, HCC is entitled to summary judgment with respect to this claim.

### C. Objections to Summary Judgment Evidence and Motion to Strike

Two other motions are also pending. First, HCC objected to some of Pierce's summary judgment evidence, specifically portions of the Declaration of Irie Farr. ECF No. 62. This declaration relates to Pierce's interaction with Rogers, the receptionist with whom Pierce spoke in the Dean's Office. It does not impact the outcome of the case. Second, Pierce moved to strike certain arguments that Pierce argues were newly raised in HCC's reply. ECF No. 64. Pierce argues that HCC only argued against Pierce's official-policy theory of liability in its reply, not in its initial motion for summary judgment. However, Pierce has now had the opportunity to

---

[1] Although *Rosa H.* predated *Gebser*, its holding did not conflict with *Gebser*, and the Fifth Circuit has continued to rely on *Rosa H.* in the years since. *See e.g.*, *Doe v. Edgewood Ind. Sch. Dist.*, 964 F.3d 351, 659-60 (5th Cir. 2020) (citing both *Gebser* and *Rosa H.*).

respond these arguments in her objections to the R&R. Accordingly, both HCC's objections to Pierce's summary judgment evidence and Pierce's motion to strike are **DENIED** as **MOOT**.

### III.  CONCLUSION

For the foregoing reasons, HCC's motion for summary judgment, ECF No. 58, is **GRANTED**. HCC's objection to Pierce's summary judgment evidence, ECF No. 62, and Pierce's motion to strike, ECF No. 64, are both **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on September 15, 2022.

_____
Keith P. Ellison
United States District Judge
